UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARTIN LUTHER TEXADA (#399339)

VERSUS                                                CIVIL ACTION

JAMES M. LEBLANC, ET AL                               NUMBER 14-596-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, May 6, 2015.

                                          STEPHEN C. RIEDLINGER
                                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARTIN LUTHER TEXADA (#399339)

VERSUS                                              CIVIL ACTION

JAMES M. LEBLANC, ET AL              NUMBER 14-596-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion to Dismiss filed by defendant Warden Burl Cain. Record document number 12. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc, Warden Burl Cain, Asst. Warden Robert Butler and Asst. Warden Leslie Dupont. Plaintiff alleged that he was subjected to unconstitutional conditions of confinement and the defendants were deliberately indifferent to his safety, all in violation of his constitutional rights. Plaintiff sought injunctive relief.

**I. Factual Allegations**

Plaintiff alleged that on September 26, 2013, he filed an administrative grievance complaining that he was experiencing

---

[1] Record document number 18.

extreme heat in his booth tier cell on Gar Unit. Plaintiff alleged that he experienced 100 degree temperatures in buildings with little ventilation and no fans or air flow.

Plaintiff further alleged that the exercise yard enclosure has no shade and ice water coolers are not available on the exercise yard.

Finally, the plaintiff alleged that tier walkers (who the plaintiff alleged are given the title "Nurse's Aids") are inadequately trained and pose a risk to themselves and the inmates they are assigned to monitor.

## II. Applicable Law and Analysis

### A. Motion to Dismiss Standard

Defendants moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

2

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id*. at 1949-50 (internal quotation marks omitted).

**B. Unconstitutional Conditions of Confinement**

The Eighth Amendment prohibits only the wanton and unnecessary infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285

3

(1976). Whether the treatment received by an inmate is characterized as inhumane conditions of confinement, a failure to attend to medical needs, or a combination of both, it is appropriate to apply the "deliberate indifference" standard articulated in *Estelle*. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 2327 (1991).[2]

Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Id.*

Allowing a prisoner to be exposed to extreme temperatures can constitute a violation of the Eighth Amendment. *Blackmon v. Garza*, 489 Fed. Appx. 866, 869 (5th Cir. 2012); *Gates v. Cook*, 376 F.3d 323 (5th Cir. 2004). Moreover, the Fifth Circuit has held that "extreme heat" coupled with a failure to provide cooling devices such as "fans, ice water, and daily showers" is a "condition [that] presents a substantial risk of serious harm to the inmates," particularly where such conditions are "open and obvious," and

---

[2] In *Seiter*, the Supreme Court stated that, in emergency situations, where prison officials must act "in haste, [and] under pressure", the requisite intent rises to "acting `maliciously and sadistically for the purpose of causing harm.'" *Seiter*, 501 U.S. at 302, 111 S.Ct. at 2326.

4

where "inmates ha[ve] complained of symptoms of heat-related illness." *Gates*, 376 F.3d at 339-40. Plaintiff alleged that he was confined to a cell in 100 degree temperatures with little ventilation and no fans or air flow. These allegations are sufficient to state a claim upon which relief can be granted.

Plaintiff's allegations that the exercise yard does not have sufficient shade and ice water coolers are not available on the yard is insufficient to state a claim upon which relief can be granted. Plaintiff failed to allege that these alleged conditions deprived him of a single identifiable human need.

### C. Other Prisoners' Rights

Plaintiff alleged that tier walkers are inadequately trained and pose a risk to themselves and the inmates they are assigned to monitor. Plaintiff did not allege that he was assigned as a tier walker or that he was monitored by a tier walker.

The right to bring an action under the civil rights act is personal in nature and may not be asserted by third parties. *Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir. 1986). All persons who claim a deprivation of constitutional rights must prove some violation of their personal rights. *Id.* Plaintiff's claim regarding the alleged deprivation of rights of inmates - either the inmates assigned to tier walker jobs or the inmates who are monitored by inadequately trained tier walkers - is not a personal right which he may assert.

5

## D. Availability of Injunctive Relief

Defendants argued that the plaintiff's allegations "fall[] well short of any actual or imminent injury required to grant injunctive relief."[3]

A plaintiff seeking injunctive relief "must satisfy the court that relief is needed." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894 (1953). To meet this standard, a plaintiff must demonstrate "that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Id*. at 633. The inquiry is a question of fact within the discretion of the trial court, and affidavits can rebut a plaintiff's assertion of cognizable danger of recurrent violation. *Id*. at 633-36.

In *Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001), an inmate requested injunctive relief for jail conditions that allegedly violated the Eighth Amendment. *Id*. at 662-63. The district court held that the inmate's transfer to another facility rendered his claims for injunctive relief moot. *Id*. at 633. The United States Court of Appeals for the Fifth Circuit affirmed the judgment, reasoning that the possibility of transfer back to the prior facility was "too speculative to warrant relief." *Id*. at 665.

At this juncture, there is no indication that the plaintiff's

---

[3] Record document number 12-1, Memorandum in Support of Motion to Dismiss, p. 3.

claims for injunctive relief are moot or that the claims are too speculative to warrant relief.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's Motion to Dismiss be granted in part, dismissing all of the plaintiff's claims except that he was subjected to unconstitutional conditions of confinement by being exposed to excessive heat and inadequate ventilation while confined in a booth cell on Gar Unit, and this matter be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, May 6, 2015.

*signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE